In re Jon S. WILSON, Debtor.

Cook Group Incorporated, Wilson–Cook Medical Inc., Cook Incorporated, Vance Products Incorporated, and Sabin Corporation, Plaintiffs,

v.

Jon S. Wilson, Defendant.

Wilson–Cook Medical Inc., Plaintiff,

v.

Wiltek Medical Inc., Defendant.

Nos. 2:96CV00657, B–93–50034 C–11W, A–94–6010W and 6:90CV00206.

United States District Court, M.D. North Carolina.

Dec. 2, 1998.

Jim W. Phillips, Jr., M. Daniel McGinn, Greensboro, NC, Rory D. Whelehan, Winston–Salem, NC, Aaron J. Kramer, Chicago, IL, for plaintiff.

Charles M. Ivey, III, Greensboro, NC, Daniel A. Ruley, William K. Davis, Winston–Salem, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

On July 31, 1998 this Court entered a Partial Stay Pending Appeal of the Bankruptcy Court's Orders entered July 2, 1998, May 7, 1998, and December 8, 1997. (Order [Doc. # 46].) Defendants Jon S. Wilson and his company, Wiltek Medical, Inc. (collectively, "Wiltek") now move that this Partial Stay be dissolved. (Def.'s Mot. to Dissolve Partial Stay [Doc. # 48].) For the reasons set forth below, this Motion is GRANTED.

### I.

The factual background and procedural history to this dispute are long and convoluted. A detailed synopsis may be found in the Bankruptcy Court's Memorandum Opinion of May 22, 1995 and the Bankruptcy Court's Second Memorandum Opinion of December 8, 1997. An abbreviated version is set forth below.

The Bankruptcy Court, in its Memorandum Opinion of May 22, 1995, found that Wiltek misappropriated nine trade secrets from the Plaintiffs (collectively, "Cook"), and awarded compensatory and punitive damages to Cook. The Bankruptcy Court also enjoined Wiltek from continuing to use the processes that were found to be trade secrets, as long as they were still trade secrets. Moreover, the Court later entered an order that allowed Cook to conduct one surprise inspection of Wiltek's

manufacturing facilities in order to ensure compliance with the Court's Orders.

Cook conducted its inspection on October 1, 1997, and thereafter alleged that Wiltek was using five of the processes that earlier had been declared by the Bankruptcy Court to be trade secrets. Cook filed a Motion for Entry of Rule or Order to Show Cause in which it requested that the Bankruptcy Court determine whether Wiltek was in contempt of the Court's May 22, 1995 Order and Injunction, as a result of a continuing misappropriation of five of Cook's trade secrets, including trade secrets 3 and 14. The Bankruptcy Court held several hearings on the matter, and, on December 8, 1997, the Court entered a Second Memorandum Opinion. In this Second Opinion, the Court found that Wiltek was not misappropriating Cook's trade secrets 3 and 14.[1]

Cook sought a Stay Pending Appeal from this Court, and on July 31, 1998, a Partial Stay Pending Appeal was issued. The Stay was limited: it required non-disclosure of any of the trade secret processes or substitute processes at issue in those Bankruptcy Court's Orders, but it did not prohibit Wiltek from continuing to use the processes in its manufacturing facilities. (Order [Doc. # 46].)

## II.

In order to determine whether a Stay Pending Appeal should issue originally, this Court's July 31, 1998 Memorandum Opinion examined the four factors discussed in *Long v. Robinson,* 432 F.2d 977 (4th Cir.1970). (Mem.Op. [Doc. # 45], at 4–7.) According to *Long,* the party seeking the stay must show: "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Id.* at 979, *quoted in* Mem.Op. [Doc. # 45], at 4. To analyze these factors, the July Memorandum Opinion used the " balance-of-hardships" test described by *Manning v. Hunt,* 119 F.3d 254, 263 (4th Cir.1997), and *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 812 (4th Cir.1991), in which a court first balances the hardships to the parties before determining how strong a showing of success is required by the moving party. (*See* Mem.Op. [Doc. # 45], at 4.)

In issuing the Partial Stay Pending Appeal, this Court found that the balance of hardships weighed in favor of Cook. First, disclosure of any alleged trade secrets to a third party would have irreparably harmed Cook by destroying the secrets' value and leaving Cook without an adequate remedy. (*Id.* at 5.) Second, no serious damage would be inflicted upon Wiltek by entering a Stay Pending Appeal. Wiltek argued that it was in the middle of serious sale negotiations with Ballard Medical Products (with a potential sale amount of over five million dollars), and that a Stay would prevent it from allowing Ballard, or any other potential purchaser, to conduct proper due diligence. According to Wiltek, a Stay would foreclose the possibility of consummating a sale of the company, and would result in a multi-million dollar lost opportunity. However, Wiltek already was prevented from disclosing such information to Ballard, or any other potential purchaser, by a stay entered by the

---

1. The Bankruptcy Court also found that Wiltek was misappropriating trade secrets 5, 6, and 8—a finding which the Bankruptcy Court later reversed, in a May 7, 1998 Order and Amendment to the Second Memorandum Opinion. Neither holding is relevant to this Motion, as both parties have agreed that Wiltek no longer uses the procedures which Cook alleged were trade secrets 5, 6, and 8. Therefore, there is no danger that Wiltek would reveal Cook's trade secrets 5, 6, and 8 in violation of the Partial Stay. Cook has reserved its right, however, to appeal the Bankruptcy Court's decision regarding trade secrets 5, 6, and 8, and to ask for damages for any misappropriation of these secrets which occurred between May 22, 1995 and the time when use of the procedures alleged to be trade secrets 5, 6, and 8 was discontinued by Wiltek.

Fourth Circuit on March 9, 1998. (*Id.*) Thus, a balancing of the hardships "reveal[ed] that the balance tip[ped] decidedly in favor of the plaintiff." (*Id.* at 6.) This Court also found that Cook had raised sufficiently serious questions going to the merits, in that it was alleged the Bankruptcy Court had inappropriately reopened consideration of the matter when it granted Wiltek's motion for reconsideration of the December 8, 1997 Second Memorandum Opinion. (*Id.* at 6–7.) Finally, the public interest was served by protecting trade secrets. (*Id.* at 7.)

■ After briefing and oral argument, however, it is now clear that subsequent events demand a new analysis of the *Long* factors. First, the balance of hardships has been altered because the Fourth Circuit's March 9, 1998 Stay Pending Appeal is no longer in place. On September 23, 1998, the Fourth Circuit issued an Order affirming this Court's affirmance of the Bankruptcy Court's allowance of an inspection by Ballard. Thus, the potential sale of Wiltek is seemingly being forestalled solely by this Court's Partial Stay. While Cook would still be harmed by disclosure of any alleged trade secrets, not allowing the consummation of a potential five million dollar sale of Wiltek would cause substantial harm to Wiltek. At the very least, the balance of harms between the two parties has evened.

Second, this Court's July 31, 1998 analysis of Cook's "likelihood of success on the merits" was based entirely on the Bankruptcy Court's granting of Wiltek's motion for reconsideration. (*See* Mem.Op. [Doc. # 45], at 6–7.) The Bankruptcy Court's decision to grant this motion affected only its original holding regarding trade secrets 5, 6, and 8. In other words, the Bankruptcy Court's May 7, 1998 Order and Amendment to the Second Memorandum Opinion left standing its December 8, 1997 decision regarding trade secrets 3 and 14. As noted *supra*, only trade secrets 3 and 14 are the subject of this Partial Stay because the parties have agreed that Wiltek no longer

uses trade secrets 5, 6, and 8. *See supra* note 1. Therefore, Cook's case on the merits must be examined anew.

"As the balance tips away from the plaintiff, a stronger showing on the merits is required." *Manning*, 119 F.3d at 263 (quoting *Direx Israel*, 952 F.2d at 812 (quoting *Rum Creek Coal Sales v. Caperton*, 926 F.2d 353, 359 (4th Cir.1991))). Cook cannot make this "stronger showing" of its potential for success on its appeal of the Bankruptcy Court's decision regarding trade secrets 3 and 14. The parties have briefed and argued the portion of Cook's appeal of the Bankruptcy Court's December 8, 1997 Second Memorandum Opinion regarding trade secrets 3 and 14 simultaneously with their briefing and argument of this motion to dissolve the partial stay. The portion of the Bankruptcy Court's December 8, 1997 Second Memorandum Opinion that found that Wiltek was not using trade secrets 3 and 14 has been upheld by a separate Order from this Court in Case No. 1:98CV01019, filed contemporaneously with this Memorandum Opinion. Upon *de novo* review, it is clear that the Bankruptcy Court correctly interpreted the scope of trade secrets 3 and 14, and that the Bankruptcy Court was not clearly erroneous in its factual findings regarding the processes that Wiltek was using at the time of the inspection. Most importantly, the Bankruptcy Court was correct in concluding that the processes Wiltek was using at the time of the inspection were not the same as—or substantially similar to—trade secrets 3 and 14. Therefore, Cook has no "likelihood of success on the merits" in its appeal of the Bankruptcy Court's decision regarding trade secrets 3 and 14.

Third, because Wiltek is not using trade secrets 3 and 14, the public interest would seem to favor dissolving the stay in order to avoid impeding the free flow of information in a situation that does not involve trade secrets.

Therefore, the balance of hardships test reveals that the potential hardships for

each party are relatively equivalent, that Cook cannot show that it has a likelihood of success on the merits of its appeal regarding trade secrets 3 and 14, and that the public interest favors Wiltek. Given such findings, the Partial Stay entered on July 31, 1998 must be dissolved. There has been no evidence that Wiltek is currently participating in any activity that, upon inspection, would inform Ballard or any other potential purchaser of any of Cook's trade secrets.

It should be noted that Cook's appeal from the Bankruptcy Court's May 7, 1998 Order and Amendment to the Second Memorandum Opinion regarding trade secrets 5, 6, and 8, is not affected by this Opinion. Briefing on those issues should continue along the schedule dictated by the Court.

### III.

For the foregoing reasons, Wiltek's Motion to Dissolve Partial Stay [Doc. # 48] is GRANTED.